## Hershey v. Taylor.

(Decided December 18, 1914.)

### Appeal from Breckinridge Circuit Court.

Contracts—Rescission—Evidence.—In an equitable action seeking a rescission of a contract for the sale of land on the ground of false and fraudulent misrepresentations as to value and productiveness, the evidence is examined and it is found that even if the representations as alleged were made, they were substantially true.

CLAUDE MERCER for appellant.

MOORMAN & BALL for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant, prior to 1911, was a carpenter living in Tennessee. Some time prior to that a friend of his by the name of Hale had moved from the same locality in Tennessee to Breckinridge County, Kentucky, and bought a farm in that county at or near what is known as Holt's Bottom.

On a visit to Tennessee, Hale in a talk with appellant suggested that he also come to Breckinridge County and

buy him a farm. Thereafter in January, 1911, appellant came to Breckinridge County and examined several farms in the neighborhood of Holt's Bottom. Among others, he looked at a farm of 200 acres belonging to appellee, which at the time was in the possession of appellee's agent Osborne, appellee himself being a non-resident of Kentucky. Appellant, together with Osborne and Hale, went over the farm, and it was finally priced to him by Osborne at $9,000, or $45 an acre. He finally said that he would take it at that price, but entered into no writings or obligations. By a title bond, dated the 19th of April, 1911, but which was not actually executed by Taylor until the 29th of April, he undertook to convey to appellant the 200 acres of land mentioned upon the payment by appellant of $3,000 in cash and the execution by him of four notes of $1,500 each, payable in 1, 2, 3 and 4 years, with the stipulation that if any one of them should not be paid at maturity they should all then become due. Appellant appeared in Breckinridge County in the latter part of May, 1911, and finally on the 6th or 7th of June, upon his payment of the $3,000, possession of the place was given to him.

After having retained possession of the farm for about two years without having paid either of the deferred payments, and during which time he frequently promised to pay them, and attempted to sell a part of the land for that purpose, he instituted this action asking a rescission of the contract of sale upon the ground that appellee's agents had falsely and fraudulently represented the farm to be worth what he paid for it when in fact it was not worth exceeding $5,000; that they had represented to him that certain of the bottom lands on the farm would produce from 70 to 90 bushels of corn per acre, and that the uplands would produce 35 or 40 bushels of corn per acre each year; also that there was a fine orchard of about 600 apple trees, the produce from which each year would pay the interest on the deferred payments under the proposed contract; and that each and all of the representations were false and fraudulent, and were made for the purpose of inducing him to enter into the contract.

The evidence shows that the farm was situated in the river valley, that a part of it was very productive, that it had an unusually fine farm house on it, which probably in the first place cost $5,000; that there was a good barn which cost several hundred dollars, and that the

orchard in favorable years was very productive. A great mass of testimony was taken as to the value of the farm and as to its productiveness.

It would be useless for us to go into an analysis of this mass of evidence; upon such issues the evidence usually takes a wide range, and the witnesses in giving their opinions and estimates usually differ very widely, and this case is no exception.

The chancellor below filed a carefully prepared opinion on the facts in the case, and reached the conclusion, from the evidence, that, even if the representations claimed had been made, they were substantially true, and that the farm when sold to appellant was worth practically as much as the purchase price; and our own examination of the evidence has convinced us of the correctness of his conclusion. In view of this finding of fact, we need not pass upon the many questions of law raised.

The chief trouble seems to have been that a carpenter, without experience as a farmer or a fruit raiser, had a mistaken idea that he could, by making one cash payment, make the farm pay the deferred payments by the produce he hoped to raise from it. It is not altogether improbable that with a practical and experienced farmer the result might have been different.

Judgment affirmed.